**IN THE SUPERIOR COURT OF TROUP COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **J.C. TODDIE,** | ) | |
| | ) | |
| **Plaintiff ,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.:  4:08-cv-02 (CDL)** |
| **GMAC MORTGAGE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' REQUESTED JURY CHARGES**

COMES NOW the Plaintiff, J.C. Toddie, and request that the Court charge No. 1

thru __34__ to the jury.

This 27th day of  January ,2009.

Respectfully submitted,

CHARLES A. GOWER, PC


*/s/ Charles A. Gower*
Charles A. Gower
Georgia Bar No. 303500

Post Office Box 5509
Columbus, GA 31906
(706) 324-5685

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.      1**

**<u>BURDEN OF PROOF- PREPONDERANCE OF EVIDENCE</u>**

The plaintiff has the burden of proof, which means that the plaintiff must prove whatever it takes to make his/her case, except for any admissions by the defendant. The plaintiff must prove his/her case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 02.020.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.     2    **


## PROXIMATE CAUSE

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fourth Edition, No. 60.200.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.       3      **


**<u>ADMISSIONS</u>**

An admission is a statement by a party that tends to aid the opposing party. All admissions shall be carefully considered.


—————————

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions*, Fifth Edition, No. 02.170.

Fed. R. Evid. 801(d)(2)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. __4___**

**<u>FAILURE TO PRODUCE EVIDENCE</u>**

When a party has evidence that rejects (or disproves) a claim or charge made against the party and he/she fails to produce it, or having more certain and satisfactory evidence, relies on that which is of a weaker and inferior nature, a resumption arises that the charge or claim is well founded. This presumption may be rebutted, however.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 02.160.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    5    **

## PRODUCTION OF WEAKER EVIDENCE: FAILURE TO PRODUCE

The production of weak evidence when stronger evidence is available can lead to the conclusion that the stronger evidence would have been adverse.

When a party has relevant evidence within his control, which he fails to produce, the failure gives rise to an inference that the evidence would have been unfavorable to him.

————————

SOURCE:

*Thelma c. Raley, Inc. v. Kleppe*, 867 F.2d 1326 (11th Cir. 1989).

*Callahan v. Schultz*, 783 F.2d 1543 (11th Cir. 1986).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___6___**

**<u>ADVERSE INFERENCE</u>**

If you find that GMAC acted in bad faith in deleting, destroying, or concealing any information when it was under a duty to keep that information, then you would be authorized to presume that the contents of the information would be harmful to GMAC.

_____

SOURCE:

*Zubulake v. UBS Warburg*, 229 F.R.D. 422 (S.D.N.Y. 2004).

*E-Trade Securities v. Deutsche Bank, Mn.*, 230 F.R.D. 582 (D.Minn. 2005).

*Lewy v. Remington Arms Co.*, 836 F.2d 1104 (8th Cir. 1988).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___7___**

## SPOLIATION: MALICE NOT REQUIRED

A showing of malice is not required in order to find bad faith.

_____

SOURCE:

*Flury v. Daimler Chrysler Corp.*, 427 F.3d 939 (11th Cir. 2005).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.   8**

## SPOLIATION- DUTY TO PRESERVE

A party's obligation to preserve evidence begins when a party knows or should

know that the evidence is relevant to future or current litigation.

_____

SOURCE:

*Stevenson v. Union Pacific,* 354 F. 3d 739 (8th Cir. 2004).

*Zubulake v. UBS Warburg*, 220 F.R.D. 212 (S.D.N.Y. 2003).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ____9____**

## **FAILURE TO PRODUCE WITNESS**

If a party fails to produce an available witness, the jury shall determine whether such a failure warrants the inference that the witness, if produced, would have testified to facts prejudicial to the party failing to produce the witness.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 02.161.*

## WRONGFUL FORECLOSURE- POWER OF SALE

A power of sale (which is the right to foreclose) contained in a security deed is a matter of contract and will be strictly construed. The security deed in this case gave the power to sell (to foreclose) only upon a default. The defendant in this case has admitted that it should not have foreclosed on the plaintiff.

_____

SOURCE:

*Sale City Peanut v. Planters and Citizens Bank*, 107 Ga. App. 463 (1963)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. 11**

**<u>MENTAL ANGUISH</u>**

In an action for wrongful foreclosure, the plaintiff may recover damages for mental anguish if you find that the defendant's conduct was intentional <u>or</u> reckless.

_____

SOURCE:

*DeGolyer v. Green Tree Service, LLC*, 291 Ga. App. 444 (2008).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    12**

## <u>RECKLESSNESS</u>

Recklessness is a state of mind where a person does not care about the consequences of his or her actions.

_____

SOURCE:

<u>Black's Law Dictionary</u>, 7th Edition, p. 1277.

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.   13   **

**<u>RESPA</u>**

There is a federal statute applicable to the facts of this case. If a loan servicer such as the defendant in this case receives a written request from the borrower (or an agent of the borrower) for information relating to the servicing of his loan, the servicer must acknowledge in writing the receipt of the correspondence within 20 days.

Further, within 60 days of receipt of the inquiry from the borrower, the servicer must conduct an investigation and make appropriate corrections in the account of the borrower, including the crediting of any late charges and penalties, and must transmit to the borrower a written notification of such corrections and must also notify the borrower of the name and telephone number of a representative of the servicer who can answer any questions the borrower may have.

If within 60 days of receipt of the inquiry from the borrower the servicer believes his account is correct, the servicer must provide the borrower with a written explanation with a statement of the reasons why the servicer believes the account is correct, and must also notify the borrower of the name and telephone number of a representative of the servicer who can answer any questions the

borrower may have.

If the servicer fails to abide by the provisions of this federal law, the borrower may recover all actual damages suffered as a result of the violation of this law including damages for mental anguish and emotional distress.

_____

SOURCE:

*Rawlings v. Dovenmuehle Mortgage*, 64 F. Supp. 2d 1156 (M.D.Ala., June 1999);

*Mclean v. GMAC Mortgage Corp.,* 2008 U.S. Dist. Lexis 36143 (So. D. Fla, 5/2008);

*Ploog v. HomeSide Lending, Inc.,* 209 F. Supp. 2d 863 (N.D.Ill. 2002); *Johnstone v. Bank of America, N.A.,* 173 F. Supp. 2d 809 (N.D. Ill. 2001); *Wright v. Litton Loan Servicing LP*, Case No. 05-02611, 2006 U.S. Dist. Lexis 15691 (E.D. Penn., April 4, 2006); In re Thompson, 350 B.R. 842 (E.D. WI. BR., 2006); *Payne v. Mortgage Electronic Registration Systems, Inc.,* 387 B.R. 614 (D.KS-BR, 2008).

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. 14**

**<u>BREACH OF CONTRACT</u>**

Plaintiff contends that the defendant breached the terms of his contract with him by wrongfully charging him late fees and penalties and ultimately foreclosing on his home.

_____

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.   15**

**<u>CONTRACT</u>**

A contract is an agreement between two or more parties for the doing or not doing of some specified thing.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 16.010.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.     16**

## <u>GOOD FAITH AND FAIR DEALING</u>

Every contract in Georgia imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

———————

SOURCE:

*Hunting Aircraft, Inc. v. Peachtree City Airport Authority,* 281 Ga. App. 450  (2006)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.     17     **

**<u>DAMAGES- GENERAL</u>**

The plaintiff in this case is seeking to recover two types of damages. The first is called compensatory damages, which is money to compensate the plaintiff for the injuries he has suffered. The second is punitive damages, which is to punish the defendant for what he did. I shall first charge you on compensatory damages.

_____

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___18___**

## CONTRACT DAMAGES

Damages are given as compensation for injury sustained.

Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 18.010.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    19   **

## TORT DAMAGES: PRELIMINARY INSTRUCTIONS

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 66.001.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___20___**

**<u>TORT</u>**

A tort is the unlawful violation of a private legal right.

_____

SOURCE:

O.C.G.A. § 51-1-1

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.   21**

## <u>GENERAL DAMAGES</u>

General damages are those which the law presumes to flow from any tortious act and they may be recovered without proof of any amount.

———————

SOURCE:

O.C.G.A. § 51-12-2 (1982)

*Alexander v. Holmes*, 85 Ga. App. 124 (1951

*Georgia Power Co. v. Wambul*, 150 Ga. App. 28 (1979)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.   22**

**DAMAGES- WRONGFUL FORECLOSURE**

In a wrongful foreclosure action, an injured party may sue for damages, including the value of the equity in the foreclosed property, mental anguish, emotional damages, aggravation, and punitive damages.

_____

SOURCE:

*Curl v. First Fed. Sav. & Loan Ass'n of Gainesville*, 243 Ga. 842, 257 S.E.2d 264 (1979)

*Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 443 S.E.2d 837 (1994)

O.C.G.A. § 23-2-114

## PAIN AND SUFFERING: GENERAL - MENTAL - FUTURE

a)    Generally

Pain and suffering is a legal item of damages. The measure is the enlightened

conscience of fair and impartial jurors. Questions of whether, how much, and how long

plaintiff has suffered or will suffer are for you to decide.

Western, etc. Railroad Co. v. Young, 83 Ga. 512, 515;
Redd v. Peters, 100 App. 316

b)    Mental

If you find that the defendants committed the tort of wrongful foreclosure or if you

find that the defendant violated the federal statute I previously charged you about

concerning failure to timely respond to the plaintiff's written inquiry, then you are

authorized to award damages to the plaintiff for all emotional damages he has suffered as a

result thereof.

Emotional damages include mental pain and suffering. Fright, anxiety, shock,

depression, humiliation, shame, and worry are examples of what might be included under

mental pain and suffering.

William v. Vinson, 104 Ga. App. 868 (1961);
Langram v. Hodges, 60 Ga. App. 567 (1939);
Atlantic Coastline v. Ouzts, 83 Ga. App. 36 (1950).

If you find that the plaintiff will suffer mental or emotional damages into the future,

then he may recover damages for such future mental pain or emotional pain as you find

that he endured.

<u>Atlanta Veterans Transportation, Inc. v. Cagle</u>, 106 Ga. App. 551 (1962)

Another element of mental pain and suffering is any diminished efficiency in daily activities, or diminished efficiency in work or other activities, regardless of whether any financial loss is caused thereby, which the plaintiff experiences or has experienced or will in the future experience as the result of the wrongful actions by the defendant.

<u>Atlinson v. Taylor</u>, 13 Ga. App. 100 (1913);
<u>Cobb & Eldridge</u>, Georgia Law of Damages, 2nd Edition, 2B-3.

I further charge you that in arriving at the damages to be awarded for the plaintiff's pain and suffering, past or future, you as jurors should act impartially and in accordance with your consciences. The damages awarded for pain and suffering should be just as to all parties and should compensate for the injuries sustained. The only guide for you the jury in determining compensation for mental pain and suffering, past and future, is the enlightened consciences of impartial jurors acting under the sanctity of their oath as jurors.

_____

## SOURCE:

*Mayer v. Turner*, 142 Ga. App. 63, 234 S.E.2d 853, 855 (1977)
*Atlanta and West Point Railroad v. Johnson*, 66 Ga. 259 269 (1881)
*Atkinson v. Taylor*, 13 Ga. App. 100, 78 S.E.2d 831 (1913)
*Towler v. Jackson*, 111 Ga. App 8, 140 S.E.2d 295, 296 (1965)
*Kuhr Brothers, Inc. v. Spahos*, 89 Ga. App. 885, 81 S.E.2d 491, 495 (1954)
*Barker v. Crum Trucking Company, Inc.*, 137 Ga. App. 435, 224 S.E. 2d 53, 54 (1976)
*Georgia Power Company v. Braswell*, 48 Ga. App. 654, 173 S.E. 2d 763, 767 (1934)
*Georgia Power Company v. Edwards*, 136 Ga. App. 135, 220 S.E.2d 460, 464 (1975)
*Bennett v. Haley*, 132 Ga. App. 512, 208 S.E.2d 302, 309 (1974)
*Baxter v. Bryan*, 122 Ga. App. 817, 178 S.E.2d 724, 727 (1970)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    24   **

**<u>ATTORNEY'S FEE</u>**

If you find that the defendants have acted in bad faith or have been stubbornly litigious or have caused the plaintiffs' unnecessary trouble and expense, then you are authorized to award expenses of litigation including reasonable attorneys fees.

_____

SOURCE:

From O.C.G.A. § 13-6-11;

*Gordon v. Ogden*, 154 Ga. App. 641 (1980) (only have to show one of the three parts of O.C.G.A. § 13-6-11);

*Pritchett v. Rainey*, 131 GA. App. 521 (1974) (Up to jury to determine attorney fees.)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    25**

## PUNITIVE DAMAGES

In tort actions there may be aggravating circumstances which may warrant the awarding or imposing of additional damages called punitive damages.

In order for punitive damages to be awarded, the plaintiff must prove by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, then you would not be authorized to make any finding that punitive damages are awardable.

Mere negligence, although amounting to gross negligence, will not alone authorize a recovery of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to a plaintiff, but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide to impose punitive damages._____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury*

*Instructions, Fifth Edition, No. 66.700 - 66.702.*

## <u>CLEAR AND CONVINCING EVIDENCE</u>

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than preponderance of the evidence (which was the standard in determining compensatory damages) but less than the standard for proof beyond a reasonable doubt (which is the standard in a criminal case- which this is not).

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 02.040.*

## **PUNITIVE DAMAGES**

It is not essential to a recovery for punitive damages that the person inflicting the damage was guilty of willful and intentional misconduct. It is sufficient that that act be done under such circumstances as evidences an entire want of care and a conscious indifference to consequences.

_____

SOURCE:

Cobb & Eldridge, Georgia Law of Damages, 38-6

Ridley & Nordin, Georgia Request to Charge in Civil Cases, No. 908

*Battle v. Kilcrease*, 54 Ga. App. 808, 189 S.E. 573 (1936)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___28___**

## **PUNITIVE DAMAGES**

I charge you that the term "entire want of care which would raise the presumption of conscious indifference to the consequences" means any intentional disregard of the rights of another, knowingly or willfully disregarding such rights.

_____
SOURCE:

*Ponce de Leon Condominiums v. DiGirrolamo*, 238 Ga. 188, 189, 232 S.E.2d 62 (1977)

*Gilman Paper Co. v. Jones*, 235 Ga. 348, 219 S.E.2d 447 (1975)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___29___**

## VERDICT FORM AS TO PUNITIVE DAMAGES

We have provided you a form to answer either <u>Yes</u> or <u>No</u> as to whether you want to impose punitive damages.

_____

## AMOUNT OF PUNITIVE DAMAGES

You have decided to impose punitive damages.  Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. (You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award (impose) should reflect that purpose only.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 66.740.*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.    31    **

## INTENT TO HARM

Since you have answered the question YES that you do wish to impose punitive damages, then you need to answer one additional question with Yes or No. That is whether you find that the defendants acted with specific intent to harm J.C. Toddie. A party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it. Intent is always a question for the jury. It may be shown by direct or circumstantial evidence.

Intent is ordinarily ascertained from acts and conduct. You may not presume the defendant acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced. The jury may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

You may presume a person of sound mind and discretion intends the natural and probable consequences of his act. The evidence may or may not rebut this presumption.

_____

SOURCE:

*Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Fifth Edition, No. 66.711 and 66.712*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. ___32___**


## PUNITIVE DAMAGES: SPECIFIC INTENT

I charge you that in order to find specific intent to cause harm, you need not find that the Defendant in this case specifically intended to harm the Plaintiff. Intent is defined to denote that the actor (in this case, the defendant or its employee), acted in such a manner so that the consequences of their actions were substantially certain to result from those actions. Although it is not sufficient to find specific intent to cause harm when the evidence shows that the defendant merely knew or appreciated the risks in which it was placing the plaintiff, I charge you that if the defendant's conduct indicates that the defendant knew, or should have known, that the consequences of the conduct were substantially certain to result from that conduct, then you would be authorized to find that the defendant in this case acted or failed to act with the specific intent to cause harm.


_____

SOURCE:

*Viau v. Fred Dean, Inc.*, 203 Ga. App. 801 (1992)

**PLAINTIFF'S REQUEST TO CHARGE**

**NO.     33     **

**<u>INTENT</u>**

A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but this presumption may be rebutted.

_____

*O.C.G.A. § 16-2-5*

Intent may be found from consideration of the words, conduct, demeanor, motive and all of the other circumstances which surround what took place.

_____

*O.C.G.A. § 16-2-6*

**PLAINTIFF'S REQUEST TO CHARGE**

**NO. 34**

## INTENT

The intent with which an act was done may be proved by the declaration of the party concerned, or by facts and circumstances from which the existence of the intent may be reasonably inferred.

_____

*Stuart v. Hayden*, 169 US 1, 8 (1898);

Summary Judgment Order in this case at page 14.


"Knowledge may be inferred from the circumstances as well as proved by direct evidence.  Good reason to know is equivalent to knowledge; willful ignorance will not avail."

_____

*Crabb v. State*, 88 Ga. 584, 584 (1892);